Filed 11/24/25  P. v. Recarte CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>XAVIER RECARTE,<br><br>　　Defendant and Appellant. | B337907<br><br>(Los Angeles County<br>　Super. Ct. No. VA106973) |

APPEAL from an order of the Superior Court of Los Angeles County, Micheal E. Pastor, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Xavier Recarte was sentenced to a prison term of 40 years to life for two counts of murder he committed when he was 17 years old. Recarte petitioned for recall and resentencing pursuant to Penal Code section 1170, subdivision (d)(1).[1] The trial court denied his petition, finding he was ineligible for relief because he was not sentenced to the functional equivalent of life without the possibility of parole (LWOP). Recarte contends the court erred and the denial of his petition violated his constitutional right to equal protection of the law. We affirm.

## PROCEDURAL BACKGROUND

In 2012, a jury convicted Recarte of two counts of second degree murder. (§ 187, subd. (a).) The jury also found true the allegation that Recarte committed the crimes to benefit a criminal street gang (§ 186.22, subd. (b)(1)(c)). The trial court sentenced Recarte to consecutive indeterminate terms of 20 years to life, for a total term of 40 years to life in state prison. We affirmed the judgment on direct appeal. (*People v. Recarte* (June 17, 2014, B245867) [nonpub. opn.].)

In 2024, Recarte filed a petition for recall and resentencing under section 1170, subdivision (d)(1). Recarte argued that he was 17 years old at the time of the crimes and that he had been incarcerated for more than 15 years. Relying on *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*), defendant argued that he was entitled to relief because he had been sentenced to the functional equivalent of LWOP and satisfied the other criteria for resentencing. The People opposed the petition. The trial court denied the petition.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

Recarte timely appealed.

## DISCUSSION

A.    *Legal Principles and Standard of Review*

Section 1170, subdivision (d)(1)(A) allows "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for [LWOP]" and who "has been incarcerated for at least 15 years" to petition the sentencing court for recall and resentencing.

On its face, section 1170, subdivision (d)(1) limits relief to juvenile offenders sentenced to LWOP. (*People v. Olmos* (2025) 109 Cal.App.5th 580, 583 (*Olmos*).) However, in *Heard*, the Court of Appeal held that denying the opportunity to petition for section 1170, subdivision (d)(1)(A) relief to juvenile offenders sentenced to the functional equivalent of LWOP violates the constitutional guarantee of equal protection. (83 Cal.App.5th at pp. 612, 626–634; accord *People v. Cabrera* (2025) 111 Cal.App.5th 650, 653 (*Cabrera*); *People v. Sorto* (2024) 104 Cal.App.5th 435, 454 (*Sorto*).) "[A] sentence is the functional equivalent of LWOP if it includes a 'term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy.' [Citation.]" (*Sorto, supra*, 104 Cal.App.5th at p. 443.) "[A] functionally equivalent LWOP sentence provides no meaningful possibility of parole and effectively condemns the offender to die in prison." (*Id.* at p. 451.)

We review questions of law and the application of law to undisputed facts de novo. (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 518.)

3

B.    *Analysis*

The trial court properly denied Recarte's section 1170, subdivision (d)(1) petition because his 40 years to life sentence, rendering him parole eligible at the age of 57, is not the functional equivalent of LWOP.  Recarte's parole eligibility date does not "'fall[ ] outside [his] natural life expectancy'"; thus, his sentence does not "effectively condemn[ ] [him] to die in prison." (*Sorto, supra*, 104 Cal.App.5th at p. 451.)  Recarte cites no California case holding that sentencing a juvenile to 40 years to life is the functional equivalent of LWOP, and we conclude that his parole eligibility at age 57 will afford him a meaningful opportunity to reintegrate into society.

In *People v. Contreras* (2018) 4 Cal.5th 349, 369, the California Supreme Court held, in the context of a nonhomicide offense, "that a sentence of 50 years to life is functionally equivalent to LWOP" for purposes of the Eighth Amendment.  Courts of Appeal are split, however, on the issue of whether a sentence of 50 years to life is the functional equivalent of LWOP for the purpose of an equal protection challenge to section 1170, subdivision (d)(1).  In *Cabrera, supra,* 111 Cal.App.5th 650, our colleagues in Division Five, relied on *Contreras* in concluding a sentence of 50 years to life for first degree murder committed by a juvenile was the functional equivalent of LWOP in the context of an equal protection challenge to section 1170, subdivision (d) and, therefore denying the petitioner relief violated equal protection principles.  (*Cabrera, supra*, at p. 653.)  On the other hand, our colleagues in Division Seven distinguished *Contreras* in *People v. Munoz* (2025) 110 Cal.App.5th 499, review granted June 25, 2025, S290828, and concluded a sentence of 50 years to life for first degree murder committed by a juvenile was not the functional equivalent of LWOP in the context of an equal protection challenge to section 1170, subdivision (d).  (*Munoz, supra*, at

4

pp. 503, 512.)[2] Given that Recarte's sentence is 10 years less than the sentences at issue in *Contreras* and *Cabrera*, we find those cases are distinguishable.

Because Recarte's sentence is not the functional equivalent of LWOP, there is a rational basis for treating his sentence differently from an LWOP sentence or its functional equivalent. (See *People v. Hardin* (2024) 15 Cal.5th 834, 847 [when neither a suspect classification nor a fundamental right is implicated, a court will find "'a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose'"].) Therefore, Recarte is not entitled to seek recall and resentencing relief under section 1170, subdivision (d)(1). (See *Olmos, supra,* 109 Cal.App.5th at p. 583 [affirming denial of § 1170, subd. (d)(1)(A) petition where the defendant's 33 years to life sentence was not the functional equivalent of LWOP].)[3]

---

[2] The California Supreme Court granted the petition for review to decide the following issue: Is a juvenile homicide offender sentenced to 50 years to life in prison entitled to recall and resentencing under Penal Code section 1170, subdivision (d)(1) on the ground that the sentence is the functional equivalent of LWOP?

[3] In light of our conclusion, we need not address Recarte's contention that the trial court erred in considering his eligibility for an early youth offender parole hearing when denying his petition under section 1170, subdivision (d)(1).

**DISPOSITION**

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, P. J.

We concur:


TAMZARIAN, J.


VAN ROOYEN, J.*

---

*Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.